WO                                                                                          MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| Tyson McDaniel, | ) | No. CV 12-1697-PHX-GMS (LOA) |
|---|---|---|
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Greg Fizer, et al., | ) | |
| Defendants. | ) | |

Plaintiff Tyson McDaniel, who is confined in the Arizona State Prison Complex-Florence in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).  The Court will dismiss the Complaint with leave to amend.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $6.69.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

JDDL-K

1

**II.      Statutory Screening of Prisoner Complaints**

2

3        The Court is required to screen complaints brought by prisoners seeking relief against

4    a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

5    § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

6    claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

7    be granted, or that seek monetary relief from a defendant who is immune from such relief.
     28 U.S.C. § 1915A(b)(1), (2).

8        A pleading must contain a "short and plain statement of the claim *showing* that the

9    pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

10   demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

11   unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

12   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

13   statements, do not suffice."  Id.

14       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15   claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,

16   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

17   that allows the court to draw the reasonable inference that the defendant is liable for the

18   misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for

19   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

20   experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual

21   allegations may be consistent with a constitutional claim, a court must assess whether there

22   are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

23       But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

24   must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th

25   Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

26   than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89,

27   94 (2007) (*per curiam*)).

28

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint may possibly be saved by amendment, will dismiss the Complaint with leave to amend.

**III.    Complaint**

In his three-count Complaint, Plaintiff sues the following Defendants: Deputy Warden Greg Fizer, Correctional Officer IV Zabrosky, Senior Chaplain Becker, and Chaplain Miser.

In Count One, Plaintiff alleges a violation of his First Amendment right to the free exercise of religion.  Plaintiff claims that he is a practicing Orthodox Muslim, that he received a "lacto veg." diet for ten years, but the "lacto veg." diet was discontinued and replaced with a vegan diet.  Plaintiff contends that while on the "lacto veg. diet," he had "conditioned [his] mind, body, & soul, to maintain a certain level of tenacity, based on the amount of food & the nutrition & protein within the lacto veg. diet[, w]hich allowed [him] to fast throughout the year."

Plaintiff asserts that the vegan diet was very "burdensome" on him because it did not contain dairy products; the lack of nutrition and protein affected his ability to fast, maintain his weight, and stay focused "due to the stress of not being able to exercise [his] religion the way [he had done for] years"; and the spices in the vegan diet harmed his digestive system. Plaintiff alleges that, as a result, the medical department placed him on a bland allergy diet, which is "burdensome" because it does not allow dairy products or bread and contains unclean meat.  Plaintiff alleges that he sought and was denied a kosher diet because an unidentified chaplain determined that he was "not sincere enough" because he had ordered "Texas beef soups" from the canteen.

1    In Count Two, Plaintiff alleges a violation of the Religious Land Use and

2    Institutionalized Persons Act (RLUIPA). He alleges that the Director of Arizona Department

3    of Corrections (ADOC) granted his request for a kosher diet, Plaintiff informed the medical

4    department in writing that he wanted to be taken off the medical allergy diet, medical

5    department personnel contacted the kitchen to verify that Plaintiff would be taken off the

6    medical allergy diet, kitchen personnel verified that Plaintiff was off the allergy diet and

7    would receive a kosher diet, and Plaintiff received a kosher diet for several weeks. Plaintiff

8    contends that he subsequently wrote an inmate letter to Defendant Becker stating that his

9    kosher diet had been approved, the medical department had taken him off the allergy diet,

10   the kitchen had started providing him with kosher meals, and that he needed a diet card to

11   be issued. Plaintiff states that shortly thereafter, kitchen personnel told Plaintiff that they

12   had been informed by the Chaplaincy Department that Plaintiff needed to go through the

13   Chaplaincy Department in order to receive the kosher diet and that Plaintiff was on an allergy

14   diet, not a kosher diet. Plaintiff claims that he stopped receiving the kosher diet and began

15   receiving the allergy diet. Plaintiff asserts that Defendant Miser responded to the inmate

16   letter Plaintiff had sent to Defendant Becker and advised Plaintiff that once he was off his

17   medical diet, Defendant Miser would process the kosher diet request.

18   Plaintiff asserts that on June 21, 2012, he spoke with a correctional officer about the

19   diet issue and the correctional officer stated that his superior officers had spoken to

20   Defendant Zabrosky, who advised them that she was aware of the issue, would speak to

21   Defendant Fizer, and would have the issue resolved by dinner. The issue, however, was not

22   resolved by dinner and Plaintiff, left with the option of eating a regular meal containing

23   unclean meat or not eating, refused the dinner tray.

24   The following morning, a correctional officer, in response to Plaintiff's questions

25   about his diet, informed Plaintiff that his superior officers had told him that Plaintiff's issue

26   had been addressed the day before. Plaintiff alleges that later in the day, he spoke with a

27   different correctional officer who told Plaintiff that the correctional officer had received a

28   June 20, 2012 e-mail from Defendant Zabrosky that stated that Plaintiff needed to submit a

request to be removed from the medical diet and to resubmit a request for a kosher diet. Plaintiff asserts that he spoke to another correctional officer on July 3, 2012, and the officer showed Plaintiff a paper stating that, as of June 27th, Plaintiff's allergy diet had been discontinued. The officer also spoke with the kitchen staff to confirm that Plaintiff was taken off the allergy diet. The officer stated that a lieutenant had informed the officer that the Chaplain had informed the lieutenant that Plaintiff's file showed that Plaintiff was a "lacto veg." and that Plaintiff would need to submit a request to be removed from the "lacto veg." diet. Plaintiff contends that the Chaplain was aware that the "lacto veg." diet had been replaced with the vegan diet and that there was no reason to deny Plaintiff a kosher diet.

Plaintiff asserts that, although he has taken every necessary step to receiving the kosher diet, he is still being refused a kosher diet.

In Count Three, Plaintiff alleges that he has been subjected to cruel and unusual punishment, in violation of the Eighth Amendment. Plaintiff contends that there is an ongoing problem with staff members handing out inadequate cleaning supplies and not handing them out at the regularly scheduled times. Specifically he claims that cleaning supplies are supposed to be dispensed three times a week, but are only provided once a week and are typically dispensed after a number of inmates have complained. Plaintiff contends that only a cleaning solution and a toilet brush are provided, which compels him to use his socks as rags to clean the outside of his toilet, the walls, and the floor. Plaintiff asserts that the ADOC Director incorrectly believes that his staff is providing proper cleaning supplies on a weekly basis.

In his Request for Relief, Plaintiff seeks declaratory and injunctive relief and monetary damages

**IV.   Failure to State a Claim**

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Further,

1  a liberal interpretation of a civil rights complaint may not supply essential elements of the

2  claim that were not initially pled.  Id.

3      **A.    Count One**

4      To state a First Amendment, free-exercise-of-religion claim, a plaintiff must allege

5  that a defendant substantially burdened the practice of the plaintiff's religion by preventing

6  him from engaging in a sincerely held religious belief and that the defendant did so without

7  any justification reasonably related to legitimate penological interests.  Shakur v. Schriro,

8  514 F.3d 878, 884-85 (9th Cir. 2008).  Plaintiff appears to allege that the dietary change

9  burdened his eating habits, but does not allege that it substantially burden him from engaging

10  in a sincerely held religious belief or that the dietary change was not reasonably related to

11  legitimate penological interests.  Thus, Plaintiff has failed to state a First Amendment free

12  exercise claim in Count One.

13      Moreover, to state a valid claim under § 1983, plaintiffs must allege that they suffered

14  a specific injury as a result of specific conduct of a defendant and show an affirmative link

15  between the injury and the conduct of that defendant.  See Rizzo v. Goode, 423 U.S. 362,

16  371-72, 377 (1976).  There is no *respondeat superior* liability under § 1983, and therefore,

17  a defendant's position as the supervisor of persons who allegedly violated Plaintiff's

18  constitutional rights does not impose liability.  Monell v. New York City Department of

19  Social Services, 436 U.S. 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th

20  Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability

21  is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-

22  official defendant, through the official's own individual actions, has violated the

23  Constitution."  Iqbal, 129 S. Ct. at 1948.

24      Plaintiff has not alleged in Count One that any named Defendant personally

25  participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation

26  and failed to act, or formed policies that resulted in Plaintiff's injuries.  Plaintiff makes no

27  allegations at all against any of the named Defendants.

28      Thus, the Court will dismiss without prejudice Count One.

**B.     Count Two**

RLUIPA provides, in relevant part, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . , even if the burden results from a rule of general applicability," unless the government establishes that the burden furthers "a compelling governmental interest" and does so by the "least restrictive means." 42 U.S.C. § 2000cc-1(a).  A substantial burden is one that is "'oppressive' to 'a significantly great' extent. That is, a 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005) (quoting San Jose Christian College v. City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004)).  A substantial burden must be "more than an inconvenience"; it prevents an inmate from "engaging in [religious] conduct or having a religious experience." Worldwide Church of God v. Philadelphia Church of God, Inc., 227 F.3d 1110, 1121 (9th Cir. 2000) (citations omitted).

Under RLUIPA, the plaintiff bears the initial burden of demonstrating that the challenged state action constitutes a "substantial burden on the exercise of his religious beliefs." Warsoldier, 418 F.3d at 994.  If the plaintiff establishes a substantial burden, the defendants must prove that the burden both furthers a compelling governmental interest and is the least restrictive means of achieving that interest. Id. at 995.

Plaintiff's allegations are too vague to state a RLUIPA claim.  Plaintiff does not allege that the conduct of any Defendant has imposed a substantial burden on the exercise of his religious beliefs.  It appears that Plaintiff may have been inconvenienced, but this is insufficient to state a RLUIPA claim.  Thus, the Court will dismiss without prejudice Count Two.

**C.     Count Three**

In Count Three, Plaintiff has not alleged that any named Defendant personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries.  Plaintiff makes no allegations at all against any of the named Defendants.

1    Moreover, Plaintiff has failed to state an Eighth Amendment claim in Count Three.

2    An Eighth Amendment claim requires a sufficiently culpable state of mind by the

3    Defendants, known as "deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834

4    (1994). Deliberate indifference is a higher standard than negligence or lack of ordinary due

5    care for the prisoner's safety. Id. at 835. To state a claim of deliberate indifference,

6    plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be,

7    objectively, "sufficiently serious"; the official's act or omission must result in the denial of

8    "the minimal civilized measure of life's necessities." Id. at 834. Second, the prison official

9    must have a "sufficiently culpable state of mind," i.e., he must act with deliberate

10   indifference to inmate health or safety. Id. In defining "deliberate indifference" in this

11   context, the Supreme Court has imposed a subjective test: "the official must both be aware

12   of facts from which the inference could be drawn that a substantial risk of serious harm

13   exists, and he must also draw the inference." Id. at 837 (emphasis added).

14       Plaintiff does not allege that any Defendant acted with deliberate indifference to

15   inmate health or safety. Thus, the Court will dismiss Count Three.

16   **V.     Leave to Amend**

17       For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

18   a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first

19   amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail

20   Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails

21   to use the court-approved form, the Court may strike the amended complaint and dismiss this

22   action without further notice to Plaintiff.

23       Plaintiff must clearly designate on the face of the document that it is the "First

24   Amended Complaint." The first amended complaint must be retyped or rewritten in its

25   entirety on the court-approved form and may not incorporate any part of the original

26   Complaint by reference. Plaintiff may include only one claim per count.

27       If Plaintiff files an amended complaint, Plaintiff must write short, plain statements

28   telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of

1    the Defendant who violated the right; (3) exactly what that Defendant did or failed to do;

2    (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's

3    constitutional right; and (5) what specific injury Plaintiff suffered because of that

4    Defendant's conduct.  See Rizzo, 423 U.S. at 371-72, 377.

5         Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff

6    fails to affirmatively link the conduct of each named Defendant with the specific injury

7    suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to

8    state a claim.  **Conclusory allegations that a Defendant or group of Defendants have**

9    **violated a constitutional right are not acceptable and will be dismissed**.

10        A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963

11   F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

12   1546 (9th Cir. 1990).   After amendment, the Court will treat an original complaint as

13   nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original

14   complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d

15   565, 567 (9th Cir. 1987).

16   **VI.    Warnings**

17        **A.    Release**

18        Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

19   Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

20   the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

21   in dismissal of this action.

22        **B.    Address Changes**

23        Plaintiff must file and serve a notice of a change of address in accordance with Rule

24   83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

25   relief with a notice of change of address.  Failure to comply may result in dismissal of this

26   action.

27   . . . .

28   . . . .

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $6.69.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

. . . .

. . . .

(4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 15th day of October, 2012.

G. Murray Snow
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

<table>
<tr><td>_____ ,</td><td>)</td><td></td></tr>
<tr><td>(Full Name of Plaintiff)    Plaintiff,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>vs.</td><td>)</td><td>CASE NO. _____</td></tr>
<tr><td></td><td>)</td><td>(To be supplied by the Clerk)</td></tr>
<tr><td>(1) _____ ,</td><td>)</td><td></td></tr>
<tr><td>(Full Name of Defendant)</td><td>)</td><td></td></tr>
<tr><td>(2) _____ ,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>**CIVIL RIGHTS COMPLAINT**</td></tr>
<tr><td>(3) _____ ,</td><td>)</td><td>**BY A PRISONER**</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>(4) _____ ,</td><td>)</td><td>☐ Original Complaint</td></tr>
<tr><td>Defendant(s).</td><td>)</td><td>☐ First Amended Complaint</td></tr>
<tr><td>☐ Check if there are additional Defendants and attach page 1-A listing them.</td><td>)</td><td>☐ Second Amended Complaint</td></tr>
</table>

## A. JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    ☐ Other: _____ .

2.    Institution/city where violation occurred: _____ .

Revised 3/9/07                                          1                                          **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    (Position and Title)                                              (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    (Position and Title)                                              (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    (Position and Title)                                              (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    (Position and Title)                                              (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities        ☐ Mail            ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings ☐ Property        ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                          ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count I?  ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level? ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____ .

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court        ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion       ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____ .

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____ .

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                          ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count II?           ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____ .

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.   Did you submit a request for administrative relief on Count III?      ☐ Yes    ☐ No
    c.   Did you appeal your request for relief on Count III to the highest level?      ☐ Yes    ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                                 DATE                                                    SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.