**WO**                                                                                           MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyson McDaniel,<br><br>           Plaintiff,<br><br>vs.<br><br>Greg Fizer, et al.,<br><br>           Defendants. | No.  CV 12-1697-PHX-GMS (LOA)<br><br>**ORDER** |

On August 9, 2012, Plaintiff Tyson McDaniel, who is confined in the Arizona State Prison Complex-Florence in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In an October 15, 2012 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On November 15, 2012, Plaintiff filed his First Amended Complaint (Doc. 7). The Court will order Defendants Becker, Miser, Mason, Fizer, Bohuszewicz, and Zaborsky to answer Counts One and Two of the First Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28

U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

**II.     First Amended Complaint**

In his three-count First Amended Complaint, Plaintiff sues Arizona Department of Corrections (ADOC) Director Charles L. Ryan, Deputy Warden Greg Fizer, Correctional

Officers VI Diane Bohuszewicz and Susan Zaborsky, Senior Chaplain Becker, Chaplains Miser and Mason, Correctional Officer III Rita Duarte, and Sergeant Silves.

In **Count One**, Plaintiff alleges a violation of his First Amendment right to the free exercise of religion. Plaintiff alleges that he is a practicing Orthodox Muslim who fasts throughout the year to condition himself to fast during Ramadan. Plaintiff claims that he requested a kosher diet because he had received a lacto-vegetarian diet that contained sufficient nutrition to allow him to fast throughout the year, but the lacto-vegetarian diet was discontinued and replaced with a vegan diet; the vegan diet harmed his digestive system and Plaintiff was therefore placed on an allergy-bland diet; and Plaintiff lost weight on the allergy-bland diet because that diet contained unclean meat that Plaintiff could not eat.

Plaintiff alleges that he was interviewed by Defendant Mason regarding his request for a kosher diet and provided Defendant Mason with information regarding Orthodox Islam. Defendant Mason initially stated that he saw no reason why Plaintiff would not be granted a kosher diet. However, Defendants Mason and Becker later told Plaintiff that he was not sincere enough in his religious beliefs to receive a kosher diet. Plaintiff was interviewed a second time by Defendant Mason and a third time by Defendant Miser. Defendant Miser told Plaintiff that he was being denied a kosher diet because Plaintiff had ordered "Texas beef soups from the canteen."

Plaintiff alleges that although he told Defendants Miser, Becker, and Mason that he was losing weight because he was unable to eat the portion of the allergy-bland diet that contained impermissible meat, Defendants Miser, Becker, and Mason refused to approve a kosher diet for Plaintiff. Plaintiff alleges that this substantially burdened the practice of his religion because he was forced to choose between eating unclean meat or eating only a small portion of his meal. Plaintiff asserts that for eleven months, he chose to eat only a small portion of his meal, which caused him to lose weight, hindered his ability to fast, and caused him to miss his obligatory daily prayers because he lacked sufficient energy.

Plaintiff contends that the ADOC Central Office ultimately granted his request for a kosher diet, finding that ADOC "does not have a religious reason to deny your religious diet." Plaintiff asserts that this demonstrates that Defendants Miser, Becker, and Mason never had a justification for denying him a kosher diet that was reasonably related to any legitimate penological interest.

Plaintiff also alleges that Defendant Ryan is responsible for "establishing, monitoring, and enforcing [ADOC] operations, policies, and practices" and is responsible for decisions concerning the hiring, supervision, deployment, and training of ADOC staff. Plaintiff asserts that Defendants Ryan, Mason, Miser, and Becker violated his First Amendment rights by acting "with deliberate, callous and reckless disregard by implementing and enforcing a policy, practice, or custom of denying Plaintiff a kosher diet."

In **Count Two**, Plaintiff alleges a violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff reiterates the facts alleged in Count One regarding Defendants Miser, Mason, and Becker's denial of his request for a kosher diet. Plaintiff also contends that through the grievance process, Defendants Bohuszewicz and Fizer were made aware of Plaintiff's weight loss and the burden imposed on his religious practice by being denied a kosher diet. He claims that although their authority superseded that of Defendants Becker and Miser, Defendants Fizer and Bohuszewicz did nothing to stop the burden imposed on Plaintiff's religious practice.

Plaintiff contends that the ADOC Central Office, in a document signed by Defendant Ryan, granted Plaintiff's request for a kosher diet. Thereafter, Plaintiff notified the medical department that he no longer needed the allergy-bland diet because he had been approved for a kosher diet, the medical department notified the kitchen that Plaintiff had been removed from the allergy-bland diet, and Plaintiff immediately began to receive the kosher diet. Plaintiff asserts that he then sent an inmate letter to Defendant Becker, informing him that the ADOC Central Office had approved the kosher diet and requesting a kosher diet meal card. Plaintiff asserts that his kosher diet was discontinued

a few days later because Defendant Miser told kitchen personnel that Plaintiff "must go through the Chaplaincy Department for a kosher diet." Plaintiff asserts that even after he provided Defendants Fizer, Zaborsky, Miser, and the kitchen personnel with the approval paperwork from the ADOC Central Office, Defendants Fizer, Zaborsky, and Miser refused to provide Plaintiff with a kosher diet, even though they knew that denying him the kosher diet burdened his religious exercise. Plaintiff contends that there was no justification for denying him a kosher diet that was reasonably related to a legitimate penological interest.

Plaintiff contends that Defendant Ryan is "responsible for establishing, monitoring, and enforcing overall operations, policies, and practices" at ADOC and is responsible for decisions regarding "staff hiring, supervision, deployment, and training." Plaintiff contends that Defendants Ryan, Fizer, Bohuszewicz, Zaborsky, Becker, Miser, and Mason implemented and enforced "a policy, practice, or custom of denying Plaintiff a kosher diet."

In **Count Three**, Plaintiff alleges a violation of the Eighth Amendment. Plaintiff alleges that he has made numerous requests for cleaning supplies, he was told by a correctional officer that supervisors were aware of the problem but they had stated that it was not a priority due to the lack of funding and staff available to distribute the cleaning supplies. Plaintiff filed an informal grievance with Defendant Duarte, who told Plaintiff that Defendant Silves had advised her that cleaning supplies for Plaintiff's cellblock were available on Fridays and that he should either contact Defendant Duarte or Defendant Silves if there were further problems. Plaintiff later told Defendant Duarte that he had requested cleaning supplies on a Friday, but was told that there were no cleaning supplies and no one to hand out cleaning supplies. Plaintiff asserts that Defendant Duarte told Plaintiff that they were waiting on funding, were working out a schedule, and were understaffed. Plaintiff also alleges that he spoke to Defendant Silves about not receiving cleaning supplies, but Defendant Silves informed Plaintiff that "we have not started that, we are still working on it."

1    Plaintiff also alleges that he spoke to Defendants Duarte and Zaborsky about a set
2 a stairs littered with pigeon droppings; told them he had to walk through the droppings to
3 and from "rec," which caused the droppings to be tracked back into his cell; requested
4 that the stairs be cleaned and that cleaning supplies be handed out because Plaintiff was
5 afraid of contracting methicillin resistant staphylococcus aureus (MRSA).  Plaintiff
6 alleges that Defendant Zaborsky told Plaintiff to try to avoid stepping on the pigeon
7 droppings and advised Plaintiff that the cleaning supplies issue had been brought to the
8 attention of the warden and deputy warden.  Plaintiff contends that Defendants Zaborsky
9 and Duarte had the authority to make sure Plaintiff received adequate cleaning supplies,
10 yet failed to do so.

11    Plaintiff contends that he spoke to Defendant Fizer about the stairs; the droppings
12 being tracked into his cell; the tops of the "rec cages" being covered with pigeon
13 droppings that, when it rained, dripped on the ground inside the cages and on inmates
14 inside the cages; his fear of contracting MRSA; and the lack of adequate cleaning
15 supplies.  Plaintiff alleges that Defendant Fizer stated that they did not have sufficient
16 staff to supervise inmates while they cleaned the stairs and rec cages and that there was a
17 cleaning supplies schedule.  When Plaintiff told Defendant Fizer that the schedule was
18 not being followed and that he had filed a grievance regarding the cleaning supplies,
19 Defendant Fizer told him that he was sure Plaintiff's issue would be addressed.

20    Plaintiff alleges that Defendants Fizer, Zaborsky, Silves, and Duarte
21 acknowledged that Plaintiff was being exposed to unsanitary conditions and not being
22 provided adequate cleaning supplies, were aware of the health risks from those
23 conditions, yet failed to provide Plaintiff with adequate cleaning supplies.  Plaintiff
24 asserts that Defendant Ryan is "responsible for establishing, monitoring, and enforcing
25 overall operations, policies, and practices" at ADOC, including sanitation issues, and is
26 responsible for decisions regarding staff hiring, supervision, deployment, and training.

27    Plaintiff contends that Defendants Ryan, Zaborsky, Silves, and Duarte acted with
28 deliberate indifference to Plaintiff's needs by "implementing and enforcing a policy,

practice, or custom of denying Plaintiff . . . adequate shelter." As an injury, Plaintiff asserts that he was exposed to unsanitary conditions that placed his health and safety at risk.

In his Request for Relief, Plaintiff seeks declaratory and injunctive relief and monetary damages.

**III.   Discussion**

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

**A.   Counts One and Two – Defendants Becker, Miser, Mason, Fizer, Bohuszewicz, and Zaborsky**

Liberally construed, Plaintiff has stated a First Amendment free-exercise claim against Defendants Mason, Miser, and Becker in Count One and a RLUIPA claim against Defendants Becker, Miser, Mason, Fizer, Bohuszewicz, and Zaborsky in Count Two. The Court will require Defendants Mason, Miser, and Becker to answer Count One and Defendants Mason, Miser, Becker, Fizer, Bohuszewicz, and Zaborsky to answer Count Two.

**B.   Counts One and Two – Defendant Ryan**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

TERMPSREF

- 7 -

"Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948.

Plaintiff has not alleged that Defendant Ryan personally participated in a deprivation of Plaintiff's constitutional rights or was aware of a deprivation and failed to act. Although Plaintiff alleges that Defendant Ryan implemented a policy of denying Plaintiff a kosher meal, he has provided nothing to support this conclusory allegation. To the contrary, Plaintiff's allegations demonstrate that Defendant Ryan ordered Plaintiff to receive a kosher diet. Thus, Plaintiff's allegations do not support a claim that Defendant Ryan violated Plaintiff's First Amendment rights or RLUIPA. The Court will dismiss without prejudice Plaintiff's claims in Counts One and Two against Defendant Ryan.

### C. Count Three

An Eighth Amendment claim requires a sufficiently culpable state of mind by the Defendants, known as "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Id.* at 835. To state a claim of deliberate indifference, plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." *Id.* at 834. Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. *Id.* In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." *Id.* at 837 (emphasis added).

Plaintiff's allegations do not support a claim that any of the Defendants acted with deliberate indifference to Plaintiff's health or safety. Moreover, Plaintiff suffered no harm from the lack of cleaning supplies or the failure to clean pigeon droppings. Thus, the Court will dismiss without prejudice Count Three.

**IV.   Warnings**

   **A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

   **B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **C.   Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

   **D.   Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

   **IT IS ORDERED:**

   (1)   Count Three is **dismissed** without prejudice.

   (2)   Defendants Ryan, Duarte, and Silves are **dismissed** without prejudice.

. . . .

. . . .

TERMPSREF

- 9 -

(3) Defendants Mason, Miser, and Becker must answer Count One and Defendants Mason, Miser, Becker, Fizer, Bohuszewicz, and Zaborsky must answer Count Two.

(4) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 7), this Order, and both summons and request for waiver forms for Defendants Becker, Miser, Mason, Fizer, Bohuszewicz, and Zaborsky.

(5) Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(7) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(8) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

**TERMPSREF**

- 10 -

(a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

. . . .
. . . .
. . . .
. . . .
. . . .
. . . .

TERMPSREF

1    (12)   This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 24th day of January, 2013.

*A. Murray Snow*
/G. Murray Snow
United States District Judge

TERMPSREF