**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Tyson McDaniel, | ) | No. CV-12-1697-PHX-GMS (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Greg Fizer, et al., | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Motion for Leave to Amend. (Doc. 15) Plaintiff initiated this action by filing a Civil Rights Complaint by a Prisoner on August 9, 2012. (Doc. 1) Upon screening the Complaint pursuant to 28 U.S.C. § 1915A(a), the Court dismissed it for failure to state a claim but granted Plaintiff leave to file an amended complaint. (Doc. 5 at 10) On November 15, 2012, Plaintiff filed a First Amended Complaint. (Doc. 7) Upon screening the First Amended Complaint, the Court directed certain defendants to answer counts one and two, but dismissed count three without prejudice. (Doc. 8 at 9) Count three alleged prison officials violated the Eighth Amendment by failing to provide Plaintiff with cleaning supplies and exposing him to unsanitary conditions in his cell. (*Id*. at 5-6)

In the instant Motion, Plaintiff seeks leave to amend the First Amended Complaint by replacing the dismissed Eighth Amendment claim with an amended Eighth Amendment claim. Plaintiff contends that "facts have now been included which show that Defendants were aware of the substantial risk of infectious disease (MRSA), but did nothing to remedy the situation." (Doc. 15 at 1) Plaintiff also seeks to add new allegations of unsanitary conditions, and

Defendants' knowledge thereof, that, he contends, show deliberate indifference in violation of the Eighth Amendment. (Doc. 15 at 4-9)

Rule 15.1(a) of the Local Rules of Civil Procedure, which governs the amendment of pleadings by motion, provides in pertinent part:

> A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the test to be deleted and underlining the text to be added.  The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

LRCiv 15.1(a).

Here, Plaintiff has failed to attach a proposed Second Amended Complaint to the Motion as required by Rule 15.1(a).  Plaintiff has only attached what appears to be an amended version of count three, reflecting the additional facts and allegations referenced in the Motion. Moreover, Plaintiff's amended count three fails to "indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv. 15(a).

A district court's local rules are not petty requirements, but have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, ___, 130 S.Ct. 705, 710 (2010) (citation omitted). They "are binding upon the parties and upon the court, and a departure from local rules that affects substantial rights requires reversal." *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (internal quotation marks omitted). The District Court of Arizona routinely denies amendment motions for failure to comply with LRCiv 15(a). *See e.g., Bivins v. Ryan*, 2013 WL 321847, *4 (D. Ariz. Jan. 28, 2013); *J-Hanna v. Tucson Dodge Inc*., 2012 WL 1957832, *1 (D. Ariz. May 31, 2012); *Huminski v. Heretia*, 2011 WL 2910536, at *1 (D. Ariz. July 18, 2011). "Anyone appearing before the court is bound by these Local Rules[,] including "[p]arties not represented by an attorney unless the context requires otherwise." LRCiv 83.3(c)(1).

In view of Plaintiff's failure to comply with Rule 15.1(a) in two different respects and an amended complaint supersedes the prior complaint, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262

(9th Cir. 1992), the Court will deny the Motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend, doc. 15, is **DENIED** without prejudice.

DATED this 8th day of May, 2013.

Lawrence O. Anderson
United States Magistrate Judge