**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Tyson McDaniel,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Greg Fizer, et al.,<br><br>　　　　Defendants. | No. CV-12-1697-PHX-GMS (LOA)<br><br>**ORDER** |

　　　　This matter is before the Court on Plaintiff's second Motion for Leave to Amend. (Doc. 26) Plaintiff initiated this action by filing a Civil Rights Complaint by a Prisoner on August 9, 2012. (Doc. 1) Upon screening the Complaint pursuant to 28 U.S.C. § 1915A(a), the District Judge dismissed it for failure to state a claim but granted Plaintiff leave to file an amended complaint. (Doc. 5 at 10) On November 15, 2012, Plaintiff filed a First Amended Complaint. (Doc. 7) Upon screening the First Amended Complaint, the District Judge directed certain defendants to answer Counts One and Two, but dismissed Count Three without prejudice. (Doc. 8 at 9) Count Three alleged prison officials violated the Eighth Amendment by failing to provide Plaintiff with cleaning supplies and exposing him to unsanitary conditions in his cell. (*Id.* at 5-6)

　　　　In the instant Motion, Plaintiff seeks leave to amend the First Amended Complaint by replacing the dismissed Eighth Amendment claim in Count Three with an amended Eighth Amendment claim. Plaintiff contends that "facts have now been included which show that Defendants were aware of the substantial risk of infectious disease MRSA (Methicillin-

Resistant-Staphylococcus-Aureus), but did nothing to remedy the situation." (Doc. 26 at 2)

Defendants have filed a Notice of No Opposition in which they "take no position and do not oppose Plaintiff's Motion."[1] (Doc. 27) Defendants' Notice, however, does not relieve Plaintiff of the obligation to comply with the Local Rules.

Rule 15.1(a) of the Local Rules of Civil Procedure, which governs the amendment of pleadings by motion, provides in pertinent part:

> A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from **the pleading which it amends**, by bracketing or striking through the text to be deleted and underlining the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

LRCiv 15.1(a) (emphasis added).

Here, Plaintiff has failed to attach a proposed Second Amended Complaint to the Motion as required by Rule 15.1(a). Plaintiff has attached a copy of the "Original Complaint" to the Motion and strikes through all of the original Count Three and adds a new Count Three. Local Rule 15.1(a), however, requires Plaintiff to indicate in what respect the proposed amended pleading differs from the "pleading which it amends," which is the First Amended Complaint, not the Original Complaint. Thus, Plaintiff's attachment fails to comply with the Rule.

A district court's local rules are not petty requirements, but have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, ___, 130 S.Ct. 705, 710 (2010) (citation omitted). They "are binding upon the parties and upon the court, and a departure from local rules that affects substantial rights requires reversal." *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (internal quotation marks omitted). The District Court of Arizona routinely denies amendment motions for failure to comply with LRCiv 15(a). *See e.g., Bivins v. Ryan*, 2013 WL 321847, *4 (D. Ariz. Jan. 28, 2013); *J-Hanna v. Tucson Dodge Inc.*,

---

[1] Defendants contend in the Notice that only Defendants Mason, Miser, Bohuszewicz, and Zaborsky have been served. The court docket, however, reflects that Defendant Fizer was served on April 11, 2013, and Defendant Becker on April 22, 2013. (Doc. 20 and sealed doc. 24) The docket further reflects that neither has filed an answer.

2012 WL 1957832, *1 (D. Ariz. May 31, 2012); *Huminski v. Heretia*, 2011 WL 2910536, at *1 (D. Ariz. July 18, 2011). "Anyone appearing before the court is bound by these Local Rules[,] including "[p]arties not represented by an attorney unless the context requires otherwise." LRCiv 83.3(c)(1). In view of Plaintiff's failure to comply with Rule 15.1(a), the Court will deny the Motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's second Motion for Leave to Amend, doc. 26, is **DENIED** without prejudice.

DATED this 26th day of July, 2013.

Lawrence O. Anderson
United States Magistrate Judge