**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyson McDaniel, | No. CV-12-1697-PHX-GMS (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Greg Fizer, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's third Motion for Leave to Amend (the "Motion"). (Doc. 33)  Defendants have filed a Notice of No Response to Plaintiff's Third Motion to Amend His Complaint. (Doc. 37)

Plaintiff initiated this action by filing a Civil Rights Complaint by a Prisoner on August 9, 2012. (Doc. 1)  Upon screening the Complaint pursuant to 28 U.S.C. § 1915A(a), the assigned District Judge dismissed it for failure to state a claim but granted Plaintiff leave to file an amended complaint. (Doc. 5 at 10)  On November 15, 2012, Plaintiff filed a First Amended Complaint. (Doc. 7)  Upon screening the First Amended Complaint, the District Judge directed certain defendants to answer Counts One and Two, but dismissed Count Three without prejudice. (Doc. 8 at 9)  Count Three alleged prison officials violated the Eighth Amendment by failing to provide Plaintiff with cleaning supplies and exposing him to unsanitary conditions in his cell. (*Id.* at 5-6)

In the instant Motion, Plaintiff asks the Court to "reconsider and grant Plaintiff's amendment." (Doc. 33 at 1)  Plaintiff seeks leave to amend the First Amended Complaint by

replacing the dismissed Eighth Amendment claim in Count Three with an amended Eighth Amendment claim. Plaintiff contends that "facts have now been included which show that Defendants were aware of the substantial risk of infectious disease MRSA (Methicillin-Resistant-Staphylococcus-Aureus), but did nothing to remedy the situation." (Doc. 33 at 2)

Local Rule of Civil Procedure 15.1(a), which governs the amendment of pleadings by motion, provides in pertinent part:

> A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

LRCiv 15.1(a).

An amended complaint supersedes its original complaint. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. *Id.*

Here, Plaintiff has attached to the Motion a copy of the controlling First Amended Complaint, filed on November 15, 2012, doc. 7, and a proposed Second Amended Complaint. The proposed Second Amended Complaint, however, omits Counts One and Two and contains only an amended Count Three.

If the Court were to accept Plaintiff's proposed Second Amended Complaint in its present form, only one cause of action would be at issue. The Court assumes Plaintiff, in seeking leave to amend, does not intend to waive Counts One and Two, the only counts that the District Judge directed Defendants to answer. Thus, it appears that the proposed Second Amended Complaint Plaintiff has attached to the Motion is incomplete and not one he wants the Court to consider. By failing to attach a proper proposed Second Amended Complaint to the Motion, Plaintiff has failed to comply with LRCiv 15.1(a).

Accordingly,

**IT IS ORDERED** that Plaintiff's third Motion for Leave to Amend, doc. 33, is **DENIED** without prejudice.

DATED this 29th day of September, 2013.

Lawrence O. Anderson
United States Magistrate Judge

- 3 -