**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Tyson McDaniel, | ) | No. CV-12-1697-PHX-GMS (LOA) |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) ) | |
| Greg Fizer, et al., | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint. (Doc. 46) Defendants have not filed a response and the time to do so has expired. *See* Local Rules of Civil Procedure ("LRCiv") 7.2(c) (providing that a response must be filed within fourteen days after service of the motion).

**I. Background**

Plaintiff initiated this action by filing a Civil Rights Complaint by a Prisoner on August 9, 2012. (Doc. 1) Upon screening the Complaint pursuant to 28 U.S.C. § 1915A(a), the assigned District Judge dismissed it for failure to state a claim but granted Plaintiff leave to file an amended complaint. (Doc. 5 at 10) On November 15, 2012, Plaintiff filed a First Amended Complaint. (Doc. 7) Upon screening the First Amended Complaint, the District Judge directed several defendants to answer Counts One and Two, but dismissed Count Three without prejudice. (Doc. 8 at 9) Count Three alleges prison officials violated the Eighth Amendment by failing to provide Plaintiff with cleaning supplies and exposing him to unsanitary conditions

1 in his cell. (*Id.* at 5-6)

2 This is Plaintiff's fourth motion to amend the First Amended Complaint. (*See* Docs. 15, 26, and 33) The Court denied the previous three because Plaintiff failed to comply with Rule 15.1 of the Local Rules of Civil Procedure ("LRCiv") pertaining to amended pleadings. (Docs. 25, 29, and 44) Although the current motion appears to comply with LRCiv 15.1, the Court concludes it should be denied on other grounds as set forth below.

**II. Discussion**

Plaintiff seeks leave to amend the First Amended Complaint by adding factual allegations to his Eighth Amendment claim in Count Three. Plaintiff originally alleged in Count Three that his numerous requests for cleaning supplies to clean his cell were denied due to lack of funding and staff to distribute them. Plaintiff names several prison officials who allegedly knew about the lack of cleaning supplies but did nothing to remedy the problem. Plaintiff also alleged he had to walk through pigeon droppings to get from the recreation area back to his cell, causing him to track the droppings into his cell. Plaintiff claims he asked for the stairs to be cleaned and cleaning supplies because he was afraid of contracting MRSA (Methicillin-Resistant-Staphylococcus-Aureus). Plaintiff claims the prison officials were aware he was being exposed to unsanitary conditions and the resulting health risks, but failed to provide cleaning supplies or otherwise remedy the problem. Plaintiff claims they acted with deliberate indifference to his health and safety.

In the instant Motion to Amend, Plaintiff asks the Court to "reconsider and grant Plaintiff's amendment." (Doc. 33 at 1) Plaintiff contends "facts have now been included which show that Defendants were aware of the substantial risk of the infectious disease MRSA, but did nothing to remedy the situation." (Doc. 33 at 2) In addition to alleging new facts regarding the risk of contracting MRSA, Plaintiff also amends Count Three by alleging he was moved in October 2012 to a cell containing a toilet and sink that did not function properly. Plaintiff alleges when the toilet was flushed, contaminated water leaked out from the bottom of the toilet and spread out across the cell floor if not stopped. Plaintiff claims he asked to be moved on a number of occasions but his requests were denied. He further claims that despite prison

- 2 -

officials' knowledge of this plumbing problem, he was provided with insufficient supplies to keep the cell clean. Through the new allegations, Plaintiff seeks to add several new defendants to this action.

### A. Motion to Amend Legal Standards

Federal Rule of Civil Procedure 15(a), which governs the amendment of civil complaints, provides that "leave [to amend a pleading] shall be freely given when justice so requires." "In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A district court need not prolong litigation by permitting further amendment where such amendment would be futile. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002). Granting or denying a motion to amend is a matter within the court's discretion. *See, e.g., Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010); *Chappel v. Laboratory Corp. of Amer.*, 232 F.3d 719, 725 (9th Cir. 2000). "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint . . . .'" *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 n. 3 (9th Cir. 1987) (quoting *Mir v. Fosburg*, 646 F.2d 342 (9th Cir. 1980)).

### B. Application and Analysis

Here, upon consideration of the above factors, the Court finds that leave to amend should be denied. Although there is no evidence of bad faith on Plaintiff's part, two other significant factors weigh against granting leave to amend.

First, the District Judge previously granted Plaintiff leave to amend after his original Complaint failed to state a claim. (*See* Doc. 5) Plaintiff was given thirty days to amend the Complaint to cure the deficiencies identified in the screening order. (*Id.*) The Plaintiff then timely filed his First Amended Complaint, pursuant to which the District Judge ordered service upon, and an Answer from, six different defendants. More than seven months after the January

1 24, 2013 screening order was issued, much of which the United States Marshals Service spent
2 effecting service of process on the defendants, the final two defendants filed their answers.
3 (Doc. 36) The undersigned Magistrate Judge then issued a scheduling and discovery order on
4 September 4, 2013, and discovery is ongoing. Moreover, as noted above, Plaintiff throughout
5 this period tried unsuccessfully to amend the First Amended Complaint on three separate
6 occasions.

7 This action is nearly a year-and-a-half old. Granting leave to file another amended
8 complaint would essentially start the case over, at least with respect to those defendants Plaintiff
9 seeks to add in his proposed Second Amended Complaint; add more delay and expense in
10 reaching the merits of Plaintiff's claims; and render it less likely the Court and parties could
11 substantially meet the congressional recommended goal established in the Civil Justice Reform
12 Act of a trial in this case eighteen months after the Complaint was filed, *see* 28 U.S.C. §
13 473(a)(2); and is inconsistent with Rule 1, Fed.R.Civ.P.,("These rules . . . shall be construed and
14 administered to secure the *just, speedy, and inexpensive* determination of every action.")
15 (emphasis added). For these reasons, the Court finds Plaintiff's prior amendment, and his
16 numerous subsequent unsuccessful attempts to further amend, weigh against granting leave to
17 amend at this stage.

18 Second, the Court finds Plaintiff's proposed amendments would be futile. An Eighth
19 Amendment claim requires a sufficiently culpable state of mind by the Defendants, known as
20 "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference
21 is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Id.*
22 at 835. To state a claim of deliberate indifference, plaintiffs must meet a two-part test. First, the
23 alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act
24 or omission must result in the denial of "the minimal civilized measure of life's necessities."
25 *Id.* at 834. Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he
26 must act with deliberate indifference to inmate health or safety. *Id.* In defining "deliberate
27 indifference" in this context, the Supreme Court has imposed a subjective test: "the official must
28 both be aware of facts from which the inference could be drawn that a substantial risk of serious

1    harm exists, *and* he must also draw the inference." *Id.* at 837 (emphasis added).

2           In the screening order for the First Amended Complaint, the District Judge, in
3    dismissing Plaintiff's Eighth Amendment claim in Count Three, found "Plaintiff's allegations
4    do not support a claim that any of the Defendants acted with deliberate indifference to
5    Plaintiff's health and safety." (Doc. 8 at 8) The Judge further explained, "Moreover, Plaintiff
6    suffered no harm from the lack of cleaning supplies or the failure to clean pigeon droppings."
7    (*Id.*)

8           In the proposed Second Amended Complaint, Plaintiff adds new facts regarding the
9    defendants alleged awareness of the risk of contracting MRSA. Plaintiff explains that a video
10   notification addressing the potential risk of contracting MRSA was repeatedly played on a
11   prison televison channel. Plaintiff explains that the notification "warned that MRSA can be
12   contracted by merely touching anything contaminated with the bacteria" and "cautioned
13   vigilance with self inspections for cuts and scrapes or any sign of infection." The notification
14   further advised frequent hand washing. Plaintiff contends the video shows the defendants'
15   awareness of the risk of harm.

16          Plaintiff's new allegations regarding his alleged exposure to MRSA, in conjunction
17   with the original allegations, fail to sufficiently raise a claim that the defendants acted with
18   deliberate indifference to a substantial risk of serious harm to Plaintiff's health or safety. To the
19   contrary, the allegations show prison officials were aware of the potential risk of contracting
20   MRSA and advised Plaintiff and other inmates how to minimize the risks. Plaintiff's alleged
21   fear of contracting MRSA by walking over dried pigeon droppings and possibly tracking the
22   droppings into his cell is unsubstantiated. He fails to allege facts to show these circumstances
23   present a substantial risk of serious harm. Even if he wasn't regularly provided with cleaning
24   supplies to address this issue, he had the ability to wash the bottoms of his shoes each time he
25   returned to his cell.

26          Plaintiff's other new allegations in Count Three pertain to his movement to a different
27   cell in late October 2012. Plaintiff alleges he was moved to a cell in which the toilet, when
28   flushed, leaked from the bottom and spread contaminated water on the floor of his cell. He

further alleges the sink did not drain properly. Plaintiff explains that an officer brought him a spray bottle of cleaning solution soon after he was moved into the cell. Plaintiff complains he had to use his own towels to clean, but acknowledges he could slow the leak by wrapping a towel around the base of the toilet. Plaintiff alleges the defendants were all aware of the unsanitary conditions in his cell but failed to take any action when Plaintiff requested cleaning supplies or to be moved. The last time Plaintiff alleges the defendants denied his request to move was on January 4, 2013. Plaintiff does not even allege he is remains in that same cell and has not been moved.

Plaintiff's new allegations regarding his placement in a cell with a toilet and sink that did not function properly fail to sufficiently raise a claim that the defendants acted with deliberate indifference to a substantial risk of serious harm to Plaintiff's health or safety. Plaintiff acknowledges the defendants provided him with cleaning solution shortly after he moved to the new cell, thus reducing any risk of harm from unsanitary conditions. Plaintiff further acknowledges he was able to slow any leaks by wrapping a towel around the base of the toilet. While the Court recognizes the unpleasantness and inconvenience Plaintiff has experienced under these circumstances, the defendants' failure to promptly move him to a different cell did not rise to the level of deliberate indifference to a substantial risk of serious harm to Plaintiff's health or safety.

Because Plaintiff's proposed amended Count Three fails to sufficiently raise an Eighth Amendment claim for deliberate indifference to a substantial risk of serious harm to Plaintiff's health or safety, granting Plaintiff leave to amend to add that claim would be futile. For these reasons, Plaintiff's Motion to Amend will be denied.

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint, doc.46, is **DENIED**.

DATED this 27th day of January, 2014.

Lawrence O. Anderson
United States Magistrate Judge

- 6 -